UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| CHARLES DAVID O'KELLEY, | ) |
| Petitioner, | ) |
| v. | ) Case No. 3:15-cv-01189-VEH-SGC |
| CYNTHIA STEWART, Warden, et al., | ) |
| Respondents. | ) |

# MEMORANDUM OPINION

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed on behalf of Petitioner Charles David O'Kelley. (Doc. 1). On April 17, 2018, the magistrate judge entered a report recommending Petitioner's claims be denied and dismissed with prejudice. (Doc. 13). On April 30, 2018, counsel for Petitioner filed objections to the report and recommendation. (Doc. 15). As discussed below, Petitioners objections are due to be overruled.

Petitioner's objections do not take issue with the magistrate judge's recitation of the facts, which are reprised below. The petition concerns the breach of a 2001 plea agreement under which Petitioner pled guilty to reckless murder in the Franklin County Circuit Court. In exchange for his guilty plea and promise to forego appeal, the Franklin County District Attorney agreed to not oppose future parole consideration. When Petitioner came up for parole consideration in 2008, the D.A.

mistakenly sent a letter to the Alabama Board of Pardons and Paroles ("Parole Board") opposing parole. Prior to Petitioner's parole hearing, the D.A. realized his mistake and sent a second letter to the Parole Board. The second letter: (1) stated the plea agreement precluded the D.A. from taking a position regarding parole; and (2) requested the removal of the mistakenly-sent letter from Petitioner's file. The Parole Board denied parole in 2008 and again in 2014. Petitioner did not learn of the D.A.'s withdrawn opposition to parole until 2014. Petitioner pursued a post-conviction remedy in state court, which was denied by the sentencing court and affirmed by the Alabama Court of Criminal Appeals; the Alabama Supreme Court denied certiorari without opinion. (*See* Doc. 13 at 1-4).

The instant petition contends the denial of post-conviction relief in state court was contrary to, or an unreasonable application of, *Santobello v. New York*, 404 U.S. 257 (1971). In his objections to the magistrate judge's report, Petitioner contends the facts in this case are "almost identical" to those presented in *Santobello*. (Doc. 15 at 1). This contention is without merit. In *Santobello*, the prosecutor breached a plea agreement—which prohibited the prosecution from making a sentencing recommendation—by recommending the maximum sentence. The prosecutor never corrected or withdrew his sentencing recommendation, even after defense counsel objected on the basis of the plea agreement. Under these facts, the Supreme Court

2

found the defendant in *Santobello* was entitled to further proceedings to determine whether he should be allowed to withdraw his guilty plea or should be sentenced by a different judge. *Id.* at 262-63.

The facts of the instant case are distinguishable from those presented in *Santobello*. First, unlike the prosecutor in *Santobello*, the D.A. here recognized his mistake and sent a second letter to the Parole Board, withdrawing his previous opposition to parole. Moreover, unlike the sentencing court in *Santobello*—which was unquestionably exposed to the prosecution's erroneous sentencing recommendation—there is no evidence here the Parole Board ever saw the D.A.'s initial letter opposing parole. Under the governing standard, the Alabama Court of Criminal Appeals' conclusion that Petitioner failed to demonstrate an actual breach of the plea agreement was not unreasonable or contrary to federal law under 28 U.S.C. § 2254(d)(1). Even if the court disagreed with the Court of Criminal Appeals' factual determination in this regard, it would be inappropriate to substitute the undersigned's opinion for that of the state court, absent a showing that the state court's conclusions were unreasonable or contrary to federal law. *Wood v. Allen*, 558 U.S. 290, 301 (2010); *see* 28 U.S.C. § 2254(d)(2). Simply put, the Alabama Court of Criminal Appeals' factual determinations were not unreasonable in light of the

evidence presented, and its decision was not contrary to *Santobello* or other clearly established federal law.

Petitioner's objections also take issue with the report and recommendation's reliance on the decisions in *Puckett*, *Diaz-Jimenez*, *Arnett*, and *Hunter*. (Doc. 15 at 2-6). The magistrate judge cited those cases for the proposition that breaches of plea agreements can be cured in certain circumstances; a review of these decisions reveals the appropriateness of the magistrate judge's conclusion. (*See* Doc. 13 at 10-13). In *Puckett v. United States*, 556 U.S. 129, 140 (2009), the Supreme Court unequivocally stated "*some* breaches may be curable upon timely objection—for example, where the prosecution simply forgot its commitment and is willing to adhere to the agreement." This was precisely the situation the Alabama Court of Criminal Appeals addressed here, and its decision was not contrary to *Puckett* or *Santobello* in that regard. In *Puckett*, the Supreme Court expressly rejected the notion that every governmental breach of a plea agreement requires remand. *Id*. at 139. This supports the magistrate judge's conclusion.

In *Diaz-Jimenez*, 622 F.3d 692 (7th Cir. 2010), as in *Santobello*, the prosecution breached the plea agreement at the sentencing stage, and the Seventh Circuit remanded the matter back to the trial court for re-sentencing. However, the court rejected the notion that *Santobello* "excludes the concept of immaterial breach,"

and expressly recognized that "subsequent actions by the prosecution can justify an inference that the error was indeed harmless." *Id.* at 696.[1] This language supports the magistrate judge's finding that the Alabama Court of Criminal Appeals' decision was not unreasonable or contrary to federal law.

Petitioner is correct that *In re Arnett,* 804 F.2d 1200 (11th Cir. 1986), is factually distinguishable from the instant case. However, the magistrate judge cited *Arnett* solely for the Eleventh Circuit's unambiguous statement that it was appropriate to allow the prosecution to cure the breach of the plea agreement. (Doc. 13 at 12-13). As with *Diaz-Jimenez*, this language in *Arnett* further supports the magistrate judge's conclusion that some breaches of plea agreements are curable and that the Court of Criminal Appeals did not misapply or run afoul of *Santobello*.

Finally, Petitioner challenges the magistrate judge's reliance on *United States v. Hunter*, 835 F.3d 1320 (11th Cir. 2016), citing language in that opinion stating "automatic reversal is warranted" where a plea agreement is breached. (Doc. 15 at 6). However, in *Hunter*, the breach occurred at the sentencing stage, and the government did nothing to cure its breach. 835 F.3d at 1322. Under those circumstances, the Eleventh Circuit recognized that "the court can neither moot nor

---

[1] The court in *Diaz-Jimenez* referred hypothetically to a prosecutor's "corrective statement" as being "analogous to a contract party's curing his breach before it did any harm to the other party." 622 F.3d at 696. The court also intimated the prosecutor's breach could have been curable had he made an "unequivocal retraction."

5

cure the government's breach" and therefore remanded the matter for re-sentencing. 835 F.3d at 1330. Nonetheless, in a corresponding footnote citing *Puckett* and *Diaz-Jimenez*, the court in *Hunter* also recognized that the government can sometimes cure its own breach. *Id*. at n.5.[2] There, the government waived the argument. In this case, *Hunter* supports the proposition that certain breaches of plea agreements can be cured and demonstrates the Court of Criminal Appeals' decision was not objectively unreasonable or contrary to clearly established federal law.

For the foregoing reasons, Petitioner's objections are **OVERRULED**. (Doc. 15). After careful consideration of the record in this case, including the magistrate judge's report and the objections thereto, the court **ADOPTS** the report of the magistrate judge and **ACCEPTS** her recommendation. (Doc. 13). In accordance with the recommendation, the court finds Petitioner's claims are due to be denied and dismissed with prejudice. A certificate of appealability is due to be denied.

A separate order will be entered.

**DONE** and **ORDERED** this the 6th day of June, 2018.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[2] This further illustrates the distinction between *Santobello* and the present case. In *Santobello*, the Supreme Court held the trial court could not cure the government's breach. However, the subsequent opinions cited in the report and recommendation clarify that the government can, under certain circumstances, cure its own breach.

6